### In re GUARANTEED INSURANCE UNDERWRITERS, INC., Debtor.

### Bankruptcy No. 83–01677–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Sept. 21, 1983.

Irving Gennet, Trustee.

Angus Campbell, West Palm Beach, Fla., for petitioning creditors.

Arthur Weitzner, Miami, Fla., for alleged debtor.

Shelby Highsmith, Miami, Fla., for Guaranteed Ins. and Fla. Dept. of Insurance.

## ORDER DENYING ALLEGED DEBTOR'S ORAL MOTION TO DISMISS UNDER § 109(b)(2) AND APPOINTING INTERIM TRUSTEE

THOMAS C. BRITTON, Bankruptcy Judge.

This is an involuntary chapter 7 petition filed September 12, 1983. At a hearing held September 20 on the motion of the petitioning creditors for the appointment of an interim trustee, the alleged debtor orally moved for dismissal on the ground that the alleged debtor is "a domestic insurance company" and therefore cannot be a debtor under chapter 7 because:

"A person may be a debtor under chapter 7 of this title only if such person is not

... (2) a domestic insurance company ..." § 109(b).

The debtor controls Florida Automobile Casualty Insurance Company, Inc., a Florida corporation formed on August 12. That corporate subsidiary of the debtor has received permission to organize as a Florida domestic insurance company. Because of that status, it is subject to liquidation (if insolvent) by the same procedures provided under Florida law for domestic insurance companies. Fla.Stat. § 631.011(6). The corporate subsidiary is not presently and literally, a domestic insurance company.

The alleged debtor is a Florida corporation engaged in the general insurance agency business, operating under Florida agency licenses held by two employees. I find that the alleged debtor is not a domestic insurance company as that term is used in § 109(b)(2).

I have taken judicial notice of the foregoing facts, which are matters of public record with the Secretary of State and with the Florida Department of Insurance, the statutory agency which regulates both domestic insurance companies and insurance agents in this state.

*In re Equity Funding Corporation of America,* 396 F.Supp. 1266 (C.D.Cal.) *aff'd,* 519 F.2d 1274 (9th Cir.1975) held that § 4 of the Bankruptcy Act, which contained the same exclusion provided by § 109(b)(2) did not preclude the bankruptcy administration of Equity Funding, although it controlled a corporate subsidiary which was a domestic insurance company. The corporate subsidiary was not a debtor in bankruptcy.

The court also held that the foregoing circumstances did not prevent the bankruptcy court from exercising jurisdiction over claims asserted against the debtor's subsidiary, where the assumption of jurisdiction over those claims would not interfere with State liquidation proceedings and adjudication of the claims would not threaten the value of the subsidiary as a going concern or threaten the underlying rights of the subsidiary's policyholders.

It is clear to me from that decision that the alleged debtor in this case is not disqualified as a debtor in bankruptcy.

I find that the appointment of an interim trustee is necessary to preserve the property of this debtor's estate and to prevent loss to this debtor's estate. Accordingly, Irving Gennet is appointed interim trustee pursuant to § 303(g) and § 701.

On the oral motion of the alleged debtor under § 303(e), the petitioning creditors are ordered to file a bond with an approved surety in the amount of $250,000 to indemnify the debtor for such amounts as the Court may later allow under § 303(i).

The interim trustee's bond is waived for the time being. His authority to act immediately is not conditioned upon the prior filing of the bond ordered in the preceding paragraph.